INHABITANTS OF BOURNE *vs.* JOINT BOARD OF PUBLIC SERVICE
COMMISSIONERS AND HARBOR AND LAND COMMISSIONERS
& another.

Suffolk.    March 23, 1915. — May 21, 1915.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Cape Cod Canal.   Boston, Cape Cod and New York Canal Company.*

Although, in St. 1899, c. 448, § 14, relating to the providing and maintaining of
suitable ferries or bridges across the Cape Cod Canal by the Boston, Cape Cod
and New York Canal Company at points designated by the county commission-
ers, no provision is made for plans or supervision of plans nor is authority con-
ferred in terms upon any one to determine that the company shall provide and
maintain any ferry, bridge or tunnel, the provisions of § 6 of the statute, that
the company shall make such construction for crossing the canal as the joint
boards of the public service commission and the harbor and land commission
may order and under their supervision and subject to plans approved by them,
must have been intended to be incorporated in § 14.
It was within the power and authority of the joint boards of the public service
commission and the harbor and land commission, acting under Sts. 1899,
c. 448; 1910, c. 519, to order the Boston, Cape Cod and New York Canal Com-
pany to provide and maintain a temporary ferry at Station 181, and to approve
plans for its construction.

PETITION, filed on July 10, 1914, and afterwards amended, for a
writ of certiorari quashing certain proceedings of the public serv-
ice commission and the harbor and land commission sitting as a
joint board under Sts. 1899, c. 448; 1910, c. 519, namely, an order
determining that a crossing over the Cape Cod canal at Station
181 should be by means of a suitable temporary ferry and a vote
approving certain plans for such a ferry.

The Boston, Cape Cod and New York Canal Company also was
made a respondent and the petition prayed that it might be en-
joined from providing, constructing or erecting a temporary pas-
senger ferry in accordance with the order and vote, and from
destroying a certain bridge across the canal location near Station
181.   An application for the injunction was denied.

The case was heard by *Braley,* J.   It was agreed that at the time
of the filing of the petition the respondent company already had
constructed the approaches and landings prescribed by the order

and vote of the joint board, that the ferryboat thereby prescribed practically was completed, and that after the application for a temporary injunction in this case was denied the respondent company had completed the destruction of the existing bridge and in accordance with the above described order and the plans of the joint board had established a ferry for passengers which it had since maintained.

The single justice at the request of the parties reported the questions of law raised by the petition as amended, the answers and the agreed facts for determination by the full court.

The material facts are stated in the opinion.

*J. Walsh,* for the petitioner.

*R. G. Dodge,* (*J. L. Motley* with him,) for the respondents.

PIERCE, J.   We assume, without deciding, that the inhabitants of the town of Bourne in their corporate capacity have sufficient legal interest in the subject matter of the report to justify its petitioning for a writ of certiorari.

The only question is: Did the joint board of public service commissioners and harbor and land commissioners exceed the power conferred upon it by c. 448 of St. 1899, and c. 519 of St. 1910, in adjudicating "that a crossing of said canal at . . . [a] point designated by the county commissioners of Barnstable County on the fifth day of December, 1910, shall be by means of a suitable temporary passenger ferry," and in ordering, in pursuance of its decision, "That said canal company [the respondent] file with this joint board a plan of said temporary ferry, and that when a plan for the same in form approved by the engineer of the joint board be filed, a temporary ferry at said point be approved by this joint board.   Provided, however, that if in the future, in the judgment of this joint board, some other method of crossing at this point is required, said canal company shall build the necessary structures and maintain and operate the same in conformity with such plans and orders as may be approved and issued by this joint board."

Section 6 of c. 448, St. 1899, provides for the crossing of the canal by tracks of the Old Colony Railroad Company.   It expressly provides that "Said canal company shall construct its canal with such structures and appliances for its protection and use as said joint board may order, together with such bridge or bridges, tunnel or tunnels, ferries, and changes of highways, under the supervision

of said joint board, as shall be in accordance with plans approved by them and in conformity with such orders as they may make; and the Supreme Judicial Court shall have jurisdiction in equity to enforce such orders." St. 1910, c. 519, § 1, provides: "and when said joint board has considered and determined a method of crossing the canal suitable for railroad or highway traffic at certain designated points as provided in said act [St. 1899, c. 448], the power and authority of said joint board shall not thereby be limited or exhausted, and it may thereafter under the provisions of said act consider and determine the method of crossing at other points of crossing for highway traffic, in the method provided in said act." Section 14 of c. 448, St. 1899, reads: "Said canal company shall provide and maintain in the towns of Bourne and Sandwich, at such points as may be designated by the county commissioners, suitable ferries or bridges across the canal, or a suitable tunnel or tunnels under the same, for passengers and vehicles, to be operated free from tolls, under reasonable rules to be established by the county commissioners, except that the canal company shall not be required to maintain a ferry if a highway, bridge or tunnel shall be built at or near any of said points."

No provision in this section (§ 14) is made for plans or supervision of plans, nor in terms is authority conferred upon any person, persons or body of persons to determine that the canal company shall provide and maintain at the point or points designated by the county commissioners a ferry, a bridge, a tunnel, or either of them. It does provide that the ferry, bridge or tunnel shall be operated under reasonable rules to be established by the county commissioners.

It is not probable that the Legislature intended to leave so important a matter as plans and supervision of construction under plans to the uncontrolled discretion of the canal company. The authority of supervision and direction in all other matters relating to railway and highway traffic as well as to the location and construction of ways, is expressly conferred upon the joint board; and it is fair to assume that the general provisions of § 6 were intended to be read into § 14, and we so interpret the statute.

The point at Station 181 in the village of Bournedale being designated by the county commissioners under the authority of § 14, the joint board had jurisdiction under § 6 to adjudge that the canal

company should provide and maintain at that point either a ferry, a bridge, or a tunnel, as it should deem to be for the best public interest, in that it was most conducive to public safety and convenience. Unless restrained by positive law, — and none such has been called to our attention, — the joint board had authority to ascertain by trial and experiment what form of ferry, bridge or tunnel would be adopted, and how the traffic should be regulated. To this end the establishment of a suitable temporary ferry manifestly was within its power.

*Petition dismissed.*